■ AETNA INSURANCE COMPANY, Appellant, v DAMON CREATIONS, INC., et al., Respondents. — Order, Supreme Court, New York County (Ryp, J.), entered January 5, 1982, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs and disbursements, the motion granted and a declaration made in plaintiff's favor. Plaintiff insurer seeks a judgment declaring that under the motor truck cargo policy issued to its insured, defendant Eureka Terminals, its maximum liability is $40,000 with respect to the claims made against Eureka by defendant Damon Creations in two pending lawsuits. While the policy was in effect one of Eureka's vans containing 74 cartons, consisting of 26 cartons of knit goods and 48 cartons of wearing apparel, all intended for delivery to Damon, was hijacked and all of the merchandise stolen. As a result of the hijacking two subrogation actions, one for $16,524 for the loss of the 26 cartons, and the second for $113,562.33 for the loss of the 48 cartons, were commenced against Eureka in Damon's name. These actions are now consolidated. The policy limits plaintiff's liability to "$40,000 as respects the contents of any vehicle." A limit of $200,000 is provided "on account of claims arising out of any disaster involving (1) two or more vehicles; (2) one or more terminals and one or more vehicles; (3) any other combination or circumstance." In suing for $113,562.33 for the loss of the 48 cartons of wearing apparel Damon seeks to recover not only for the stolen merchandise but also for the decrease in value of other merchandise which had been picked up by Eureka on an earlier occasion and delivered to it without incident. Damon contends that because of the loss of the goods taken in the hijacking there was a break in the styles and sizes of the goods already delivered, thereby causing a total loss of $113,562.33, representing direct and consequential loss as between the two shipments. Eureka has taken the position that since a part of Damon's claim encompasses goods which were successfully delivered, the claim necessarily involves two vehicles, thus falling within the policy's aggregate limit of $200,000 applicable to any "disaster involving two or more vehicles." This claim is utterly lacking in merit, and since the policy provisions are clear and no factual issues are involved summary judgment should have been granted and a declaration made in plaintiff's favor. Eureka's carrier liability, which plaintiff's policy covers, arises by virtue of a hijacking, involving but one vehicle. The policy's limitations are explicit — $40,000 "as respects the contents of any vehicle." Under no rational interpretation of their policy can we conclude that "a disaster involving two or more vehicles" was involved. Settle order accordingly. Concur — Sullivan, J. P., Ross, Carro, Asch and Milonas, JJ.